**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| RHONDA REID, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 3:22-CV-46 (LAG) |
| : | 3:22-CV-53 (LAG) |
| TYNASHA EVANS, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

# **ORDER**

Before the Court are Plaintiff Rhonda Reid's Motion for Leave to File a Second Amended Complaint (Doc. 3), Defendants State of Georgia and Michael Nail's (State Defendants) Motion to Dismiss (Doc. 15), Defendants Tynasha Evans, Tameka Chapman, Sharon Stembridge, and Greene County's (County Defendants) Motions to Dismiss (Docs. 17, 22), and the United States of America's (Federal Judges) Motions to Dismiss (Doc. 20); *Reid v. Land (Reid II)*, No. 3:22-CV-53 (LAG), (Doc. 7) (M.D. Ga. Nov. 10, 2022). For the reasons stated below, Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 3) is **GRANTED**, the State Defendants' Motion to Dismiss (Doc. 15) is **GRANTED**, the County Defendants' Motions to Dismiss (Docs. 17, 22) are **GRANTED**, and the Federal Judges' Motion to Dismiss in *Reid II*, No. 3:22-CV-53 (LAG), (Doc. 7) is **GRANTED**.

## **PROCEDURAL BACKGROUND**

Plaintiff Rhonda Reid[1] initiated this action on April 28, 2022, raising tort claims against Defendants Evans, Stembridge, and Chapman. (Doc. 1). On April 29, 2022,

---

[1] Plaintiff is a serial filer in this Court. She has filed eight actions—including the present action (*Reid I*)—that are all generally related to the same issue since 2017. *See Reid v. Land (Reid II)*, No. 3:22-CV-53 (LAG), (M.D. Ga. May 10, 2022); *Reid v. Georgia*, No. 3:21-CV-99 (CDL) (CHW), (M.D. Ga. Aug. 30, 2021); *Reid v. Georgia*, No. 3:21-CV-7 (CDL), (M.D. Ga. Feb. 11, 2021); *Reid v. IRS*, No. 3:20-CV-69 (CDL), (M.D. Ga. June 16, 2020); *Reid v. Lawson*, No. 5:20-CV-77 (TES), (M.D. Ga. Feb. 26, 2020); *Reid*

Plaintiff filed a First Amended Complaint, adding the State of Georgia and Nail as Defendants and including more factual details about her tort claims. (Doc. 2). On May 2, 2022, Plaintiff filed a Second Amended Complaint, adding United States District Judges Clay D. Land, C. Ashley Royal, Tilman E. Self, United States Magistrate Judge Charles H. Weigle, and the United States District Court for Middle District of Georgia as Defendants. (Doc. 3).[2] The Second Amended Complaint also added allegations of a conspiracy to interfere with a case Plaintiff had pending in this Court and violations of Plaintiff's constitutional rights and requested compensatory damages, court fees, and costs. (*Id.* at 2–16).

Between May 13 and 25, 2022, Defendants Evans, Chapman, Stembridge, Greene County, and Nail filed forms waiving service of a summons in this action. (Docs. 7–10, 12). The State Defendants moved to dismiss the First Amended Complaint on June 30, 2022, and the County Defendants moved to dismiss the Second Amended Complaint on July 5, 2022. (Docs. 15, 17). On November 10, 2022, the United States Attorney for the Middle District of Georgia moved to dismiss Defendants Judge Land, Judge Royal, Judge Self, and Judge Weigle.[3] (Doc. 20); *Reid II*, No. 3:22-CV-53 (LAG), (Doc. 7). Defendants State of Georgia, Nail, Evans, Chapman, Stembridge, and Greene County sought a discovery stay pending resolution of the Motions to Dismiss, which the Court granted. (Docs. 16, 18, 19). Plaintiff has not responded to the Motions to Dismiss, which are now ripe for review. *See* M.D. Ga. L.R. 7.2.

---

*v. Republic Bank & Tr., Inc.*, No. 3:19-CV-78 (CAR), (M.D. Ga. Aug. 30, 2019); *Reid v. Georgia*, No. 3:17-CV-140 (CDL) (CHW), (M.D. Ga. Oct. 13, 2017).

[2]  Plaintiff's Second Amended Complaint is nearly identical to the complaint she filed in *Reid II*. *Compare* (Doc. 3), *with Reid II*, No. 3:22-CV-53 (LAG), (Doc. 1). Because Plaintiff raises the same causes of action in *Reid II* as she does here, the Court *sua sponte* consolidated Plaintiff's cases to make *Reid I* the only case for disposition of her claims. (Doc. 21); *Reid II*, No. 3:22-CV-53 (LAG), (Doc. 8); *see* Fed. R. Civ. P. 42(a).

[3]  Prior to consolidation of *Reid I* and *Reid II*, the Federal Judges filed a motion to dismiss in both cases. (Doc. 20); *Reid II*, No. 3:22-CV-53 (LAG), (Doc. 7). Because Judge Land and Judge Weigle are named Defendants in both *Reid I* and *Reid II*, and the Federal Judges' Motion to Dismiss in *Reid II* disposes of all the Federal Judge Defendants, the Court hereby **DENIES as moot** the Federal Judges' Motion to Dismiss in *Reid I* (Doc. 20). *See Reid II*, No. 3:22-CV-53 (LAG), (Doc. 7-1 at 1 n.2).

## FACTUAL BACKGROUND

The factual allegations in Plaintiff's filings are difficult to follow, as they and their attachments contain myriad run-on sentences, conclusory allegations, and anecdotes with no clear relevance to the named Defendants. The Court summarizes—to the best of its ability—Plaintiff's allegations against the named Defendants.

Plaintiff alleges the following facts: Defendants Evans, Stembridge, Chapman, Judge Land, Judge Weigle, Greene County, and the State of Georgia conspired to tamper with a writ of habeas corpus that Plaintiff had pending before this Court.[4] (Doc. 3 at 2–3). Judge Land then "allowed [Defendant] Evans to steal [Plaintiff's] habeas corpus" case from this Court to state court, and Judge Land and Judge Weigle tampered with the court computer system to favor the opposing party and prevent Plaintiff from filing an appeal. (*Id.* at 2–3, 15). Specifically, Judge Land prematurely dropped Greene County and the State of Georgia as defendants in Plaintiff's case pending before him. (*Id.* at 3, 17). Additionally, Judge Land is blocking Plaintiff from closing one of her cases, he always lets "the other side win" in Plaintiff's cases, and he abuses his "oath of office and his power." (*Id.* at 10, 19).

Further, while Plaintiff was paying child support, the State of Georgia and Greene County removed her children and sent them to South Carolina. (Doc. 2 at 4). Additionally, the state-court calendar system is intentionally confusing. (*Id.* at 2). In one of Plaintiff's state court cases, the judges and the clerk of court in Greene County—specifically Defendant Stembridge—forged documents and left one of her cases pending for six years while the statute of limitations ran. (Doc. 3 at 8, 10–11). When Plaintiff tried to appeal, the clerk of court refused to send an official transcript. (*Id.* at 11).

---

[4]  On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's First and Second Amended Complaints (Docs. 2–3) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Anderson v. Wilco Life Ins. Co.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted). Because the County Defendants and the Federal Judges seek to dismiss Plaintiff's Second Amended Complaint, Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 3) is hereby **GRANTED.** (*See* Doc. 17-1 at 2 n.2); *Reid II*, No. 3:22-CV-53 (LAG), (Doc. 7-1 at 1 n.2).

Plaintiff raises claims for defamation, general personal injury, and conspiracy. (*Id.* at 16). She contends that Defendants abused the powers of their positions and caused her and her family great harm. (*Id.* at 18–19). Plaintiff asserts that she is afraid for her life and for her "family as well." (*Id.* at 19).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," but the same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

A court ordinarily does not consider anything beyond the complaint and documents attached thereto when ruling on a motion to dismiss. "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). This includes a document that: (1) the plaintiff references in the complaint, (2) that is central to the plaintiff's claim, (3) whose contents are not in dispute, and (4) that the defendant attaches to its motion to dismiss. *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (citations omitted). The requirement that the document's contents not be

4

in dispute goes to authenticity. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007) (per curiam). The County Defendants attached Plaintiff's state habeas petition and two federal habeas petitions (Docs. 17-2, 17-3, 17-6) and the adjudication of those petitions (Docs. 17-4, 17-7) as exhibits to their Motion to Dismiss. *See In re Reid*, No. 16-CV-047 (Ga. Super. Ct. Mar. 21, 2016); *Reid v. Georgia*, No. 3:17-CV-140 (CDL) (CHW) (M.D. Ga. Oct. 13, 2017); *Reid v. Nail*, No. 3:21-CV-99 (CDL) (CHW) (M.D. Ga. Aug. 30, 2021). Additionally, Plaintiff attaches a portion of the docket report of her 2017 federal habeas case as an exhibit to her Second Amended Complaint. (Doc. 3-1 at 3). The state and federal habeas case documents are referred to in the Second Amended Complaint, are central to Plaintiff's claim that Defendants conspired to interfere with the progress of her habeas actions, and their authenticity is undisputed. *See Hi-Tech Pharms., Inc.*, 910 F.3d at 1189 (citations omitted). Therefore, the Court considers them; and such consideration of these documents does not convert the County Defendants' and the Federal Judges' Motions to Dismiss into motions for summary judgment under Federal Rule of Civil Procedure 12(d).

Generally, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" (citations omitted)). This leniency does not, however, permit courts to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

## DISCUSSION

### I. Defendants State of Georgia and Nail's Motion to Dismiss

The State Defendants' Motion to Dismiss seeks to dismiss Plaintiff's First Amended Complaint. (Doc. 15-1 at 1 & n.1). While it is difficult for the Court to ascertain all of Plaintiff's specific claims, it appears that Plaintiff brings tort claims against Defendants State of Georgia and Nail. (Doc. 2 at 2). Plaintiff alleges that the State interfered with her

5

cases in the Superior Court of Greene County. (*Id.*). Plaintiff also alleges that the State conspired with Greene County to remove her children from her care and send them to South Carolina. (*Id.* at 4). In their Motion to Dismiss, Defendants State of Georgia and Nail make the following arguments: (1) the Court lacks personal jurisdiction over the State because Plaintiff failed to effect proper service on the State, and (2) the Eleventh Amendment bars any federal claims against the State and any official-capacity claims against Defendant Nail. (Doc. 15-1 at 2–4). The Court will address each in turn.

### A. Failure to Serve the State of Georgia

As mentioned above, *pro se* pleadings are generally "held to less stringent standards than formal pleadings drafted by lawyers" and are "liberally construed." *Clemons v. Comm'r, Ala. Dep't of Corr.*, 967 F.3d 1231, 1244 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A civil litigant's mistakes regarding procedural rules, however, will not be excused by their *pro se* status. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the United States Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law" (citation omitted)); *see also Young v. Sec'y Fla. for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (per curiam) (same).

Federal Rule of Civil Procedure 4 mandates that a state or local government entity must be served by delivering a copy of the summons and the complaint to its chief executive officer or by serving a copy of each in accordance with the state's law for serving a summons or like process on a defendant. Fed. R. Civ. P. 4(j). Similar to Rule 4(j), Georgia law requires process of service be made on the chief executive officer or clerk in suits where the State is named a defendant. *See* O.C.G.A. § 9-11-4(e)(5). Rule 4 provides that if a plaintiff fails to properly serve a defendant within 90 days of filing her complaint, "the court—on a motion or on its own after notice to the plaintiff—must dismiss the action

6

without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The court must extend the time for service upon a plaintiff's showing of good cause for failure to serve. *Id.* "'Good cause' requires the existence of 'some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence.'" *Bilal*, 981 F.3d at 919 (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). Even in the absence of good cause, the court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* (quoting *Lepone-Dempsey*, 476 F.3d at 1282).

The State Defendants correctly assert that Plaintiff has violated Rule 4 by failing to properly serve the State within 90 days of filing her Complaint. *See* Fed. R. Civ. P. 4(m). After filing her Complaint on April 28, 2022, Plaintiff's deadline to serve Defendants within the 90-day window prescribed by Rule 4(m) expired on July 27, 2022.[5] Ninety days have passed since Plaintiff filed her Complaint, and Plaintiff has not served the State in neither the manner prescribed by Georgia law for effecting service nor in accordance with Rule 4. Plaintiff has not shown good cause for her failure to timely serve the State, who has now moved to dismiss her First Amended Complaint. Additionally, based on the facts of this case, the Court does not find any circumstances that warrant an extension of time for service. *See Bilal*, 981 F.3d at 919. Accordingly, dismissal of Plaintiff's claims against the State of Georgia is appropriate.

### B. Eleventh Amendment Immunity

The State Defendants also argue that they are entitled to Eleventh Amendment immunity from Plaintiff's federal claims. (Doc. 15-1 at 3). The Eleventh Amendment generally prevents citizens from suing their own state in federal court. *Freyre v. Chronister*, 910 F.3d 1371, 1380 (11th Cir. 2018) (citing *Hans v. Louisiana*, 134 U.S. 1, 15–16 (1890)). Eleventh Amendment immunity extends to "suits against state officials where the state is,

---

[5] Plaintiff filed a handwritten document with her Complaint that purports to be a certificate of service stating that service was made on Defendant Evans. (Doc. 1 at 3). Plaintiff's First Amended Complaint, however, does not include a certificate of service. (*See generally* Doc. 2).

7

in fact, the real party in interest." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (citation omitted). The State of Georgia expressly protects its sovereign immunity in federal court by statute and in its constitution. *See* O.C.G.A. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States."); Ga. Const. art. 1 § 2, ¶ IX(f) ("No waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any immunity provided to the state or its … officers, or employees by the United States Constitution."). Furthermore, Congress has not abrogated Georgia's Eleventh Amendment immunity.

Plaintiff's First Amended Complaint is silent regarding whether Defendant Nail is being sued in his individual capacity or official capacity. (*See generally* Doc. 2). While Plaintiff broadly asserts allegations against the State, Plaintiff makes no factual allegations specific to Defendant Nail. In fact, besides naming Defendant Nail in the caption of her First Amended Complaint, the Complaint is wholly silent regarding any acts or omissions of Defendant Nail that violate federal or state law. (*See* Doc. 2). Thus, because Plaintiff makes no individual-capacity argument against Defendant Nail, the Court construes the claims against Defendant Nail to be official-capacity claims. The Eleventh Circuit construes official-capacity claims as claims against the government officer's employer. *See Watkins v. Dubreuil*, 820 F. App'x 940, 945 n.2 (11th Cir. 2020) (per curiam) (citing *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (per curiam)); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is … to be treated as a suit against the entity" (citation omitted)). Additionally, it appears that the State is the real party in interest. Plaintiff alleges that the State interfered with her cases in the Superior Court of Greene County by making it difficult to follow court calendars and conspired with Greene County to remove her children from her care. (Doc. 2 at 2, 4). Accordingly, any official-capacity claims against the State of Georgia and Defendant Nail are dismissed consistent with their Eleventh Amendment immunity.

## II. Defendants Evans, Chapman, Stembridge, and Greene County's Motions to Dismiss

In her Second Amended Complaint, Plaintiff alleges that the County Defendants conspired with the Federal Judges to "steal" Plaintiff's federal habeas case and calendar it for a hearing in Greene County Superior Court. (Doc. 3 at 2). The County Defendants, in their Motion to Dismiss, argue that the Court should dismiss Plaintiff's claims against them for lack of subject matter jurisdiction.[6] (Doc. 17-1 at 5). The County Defendants assert that Plaintiff does not state a federal question, and diversity jurisdiction does not exist here because all parties are residents of Georgia. (*Id.* at 5–6). Additionally, the County Defendants seek dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 2, 8).

It is axiomatic that federal district courts are courts of limited jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). "They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution' …" *Univ. of S. Ala.*, 168 F.3d at 409 (citation omitted). Subject matter jurisdiction in a federal court can only be based upon (1) jurisdiction under specific statutory grant, (2) federal question jurisdiction, or (3) diversity jurisdiction. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing 28 U.S.C. §§ 1331, 1332(a)). "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power" and "unconstitutionally invades the powers reserved to the states to determine controversies in their own courts[.]" *Univ. of S. Ala.*, 168 F.3d at 409–10 (citations omitted).

---

[6] On November 30, 2022, the County Defendants filed a Motion to Dismiss regarding the claims Plaintiff raises against them in *Reid II*. (Doc. 22). The County Defendants set forth similar bases for dismissal of Plaintiff's claims against them in *Reid II* as presented in *Reid I*. *Compare* (Doc. 22-1), *with* (Doc. 17-1). The County Defendants, in their Motion to Dismiss in *Reid II*, state that "in the interests of brevity, the Greene County Defendants adopt their Motion to Dismiss from Case No. 3:22-cv-00046-LAG (Doc. 17 and 17-1) as if restated in full herein." (Doc. 22-1 at 2). Accordingly, the County Defendants' Motion to Dismiss in *Reid II* (Doc. 22) is hereby **GRANTED**.

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. For that reason, the Eleventh Circuit requires federal courts "to inquire into their jurisdiction at the earliest possible point in the proceeding." *Kirkland*, 243 F.3d at 1279–80 (citing *Univ. of S. Ala.*, 168 F.3d at 410). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala.*, 168 F.3d at 410 (citations omitted) (collecting cases); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." (citations omitted)).

### A.     Federal Question Jurisdiction

Plaintiff does not set forth clearly any provisions of federal law under which she brings her claims. Liberally construed, however, Plaintiff's allegation that the County Defendants conspired with the Federal Judges to "steal" Plaintiff's federal habeas case and calendar it for hearing in the Superior Court of Greene County appears to assert a claim under 42 U.S.C. § 1983. (Doc. 3 at 2, 17–18). Assuming for purposes of this Order that Plaintiff's Second Amended Complaint sets forth a claim for violation of her federal statutory or constitutional rights under § 1983, Plaintiff has not properly alleged facts to satisfy the elements for civil conspiracy under § 1983.

To survive a motion to dismiss on a civil conspiracy claim under § 1983, "a plaintiff must allege: (1) a violation of h[er] federal rights under color of state law; (2) an 'understanding' among the defendants to violate those rights; and (3) a resultant 'actionable' harm." *N.R. ex rel. Ragan v. Sch. Bd. of Okaloosa Cnty.*, 418 F. Supp. 3d 957, 998–99 (N.D. Fla. 2019) (first citing *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010); and then citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008)). "The linchpin for conspiracy" is the understanding among the defendants, "which presupposes communication." *Pittman v. State Farm Fire & Cas. Co.*, 662 F. App'x 873, 880 (11th Cir. 2016) (per curiam) (quoting *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1992)). Thus, a plaintiff "must 'show some evidence

10

of agreement between the defendants' and willful participation." *Id.* (citing *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283–84 (11th Cir. 2002)). The plaintiff may prove "[t]he existence of such a conspiracy" with "circumstantial evidence." *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2011) (citing *Grider*, 618 F.3d at 1260). Absent direct evidence of an agreement, the Court may infer an agreement "from the relationship of the parties, their overt acts and concert of action, and the totality of their conduct." *Id.* at 1192 (quoting *United States v. Schwartz*, 541 F.3d 1331, 1361 (11th Cir. 2008)).

Here, Plaintiff has failed to state a § 1983 claim for conspiracy against the County Defendants. First, Plaintiff alleges that Defendants Evans and Judge Land improperly "tamper[ed] with government property" to dismiss a habeas case Plaintiff had pending in federal court and calendar it for hearing in the Superior Court of Greene County. (Doc. 3 at 3). Plaintiff further asserts that Defendants Evan, Judge Land, and Judge Weigle impeded the progress of her two federal habeas cases when they ruled in favor of the opposing parties. (*Id.*). Plaintiff contends that Defendants Evan, Judge Weigle, and Judge Land's actions violated her constitutional rights. (*Id.* at 15).

Plaintiff's allegations stem from a lack of understanding of the judicial process. Plaintiff filed her state habeas case in the Superior Court of Greene County on March 21, 2016. (Doc. 17-2 at 2–30). Plaintiff filed her first federal habeas case on October 13, 2017. (Doc. 17-3 at 1–15). Because Plaintiff's state habeas case was pending when she filed her first federal habeas case, Plaintiff's first federal habeas case was dismissed on July 31, 2018, for failure to exhaust her state court remedies.[7] (Doc. 17-4). While Plaintiff's state habeas case remained pending, Plaintiff filed her second federal habeas case on August 30,

---

[7]    A state habeas petitioner seeking to file a second or successive 28 U.S.C. § 2254 petition must first "'move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]' before [s]he files it in district court." *Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (per curiam) (first alteration in original) (quoting 28 U.S.C. § 2244(b)(3)(A)). Plaintiff's first federal habeas case was successive under § 2244(b); and, at the time Plaintiff filed her first federal habeas case, she had not received an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider the petition. (*See* Doc. 17-3). Without such an order, the Court lacked "jurisdiction to consider h[er] petition on the merits and had no choice but to dismiss it." *See Holland*, 941 F.3d at 1287 (citing *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam)); 28 U.S.C. § 2244(b)(3)(A).

2021. (Doc. 17-6 at 1–15). Plaintiff's second federal habeas case was dismissed for failure to, once again, exhaust her state court remedies. (Doc. 17-8). In the interim between the dismissals of her federal habeas actions, the Superior Court of Greene County calendared Plaintiff's state habeas case for hearing. (Doc. 17-5). Plaintiff seems to believe that the dismissal of her federal habeas cases and the progression of her state habeas case were improper and violated her constitutional rights. (*See* Doc. 3 at 3–4). These actions—as explained in the underlying cases—were handled consistent with the relevant law, and the dispositions do not establish a conspiracy to violate her federal rights. Plaintiff has failed to establish a claim for civil conspiracy under § 1983; therefore, there are no claims that present a federal question over which the Court may exercise jurisdiction.

### B. Diversity Jurisdiction

Although Plaintiff does not specifically allege diversity jurisdiction, the Court considers whether the Second Amended Complaint can be construed to assert diversity jurisdiction. It cannot. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds … $75,000." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Plaintiff has alleged no facts indicating that there is complete diversity of citizenship; and as noted by the County Defendants, "[*a*]*ll* the Defendants in this case are residents of Georgia," and "Plaintiff is *also* a resident of Georgia." (Doc. 17-1 at 5). Thus, there is no basis upon which the Court can construe that Plaintiff is asking the Court to exercise its diversity jurisdiction in this matter.

### C. Supplemental Jurisdiction

Plaintiff's remaining personal injury and defamation claims against the County Defendants arise under Georgia law. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction to entertain state law claims so related to claims within the Court's original jurisdiction as to form part of the same case or controversy. Once a plaintiff's federal claims are dismissed, however, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant[s]." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d

1342, 1352 (11th Cir. 1997). Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. While "[t]he decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court," the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam) (citations omitted).

The Court has considered the effect of dismissal on Plaintiff's ability to pursue her state law claims. 28 U.S.C. § 1367(d) tolls the statute of limitations on a plaintiff's state law claims while the plaintiff pursues them in federal court and for thirty days after they are dismissed "unless State law provides for a longer tolling period." The statutory "instruction to 'toll' a state limitations period means to hold it in abeyance, *i.e.*, to stop the clock." *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 598 (2018). Thus, § 1367(d) tolled the statute of limitations on Plaintiff's state law claims while they were pending before this Court and until the date of this Order. Further, Georgia law provides a six-month grace period for refiling claims dismissed in state or federal court. *Id.* at 602 (citing O.C.G.A. § 9-2-61(a)). Thus, if Plaintiff's state law claims were timely when she filed this action, she may still prosecute them in state court if she wishes to do so. Because Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over her remaining state law claims.

### III.     The Federal Judges' Motion to Dismiss

In her Second Amended Complaint, Plaintiff alleges that Judge Land and Judge Weigle tampered with the court computer system to favor the opposing party in Plaintiff's federal habeas cases and prevented Plaintiff from filing an appeal. (Doc. 3 at 2–3, 18). The Federal Judges argue that they are entitled to absolute judicial immunity because they were acting in their judicial capacity and within their jurisdiction when they ruled on Plaintiff's habeas petitions. *Reid II*, No. 3:22-CV-53 (LAG), (Doc. 7-1 at 4–6). In the alternative, the Federal Judges argue that Plaintiff's claims against them should be dismissed because Plaintiff failed to effect proper service upon them. *Id.* (Doc. 7-1 at 7–8).

13

### A. Absolute Judicial Immunity

Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity—including acts taken maliciously, in excess of authority, or done in error—unless they acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted); *see also Simmons v. Conger*, 86 F.3d 1080, 1084–85 (11th Cir. 1996) (citation omitted). Plaintiff alleges no facts that show that Judge Land and Judge Weigle acted in the "clear absence of all jurisdiction." *See, e.g.*, *Patterson v. Aiken*, 784 F.2d 403 (11th Cir. 1986) (affirmed dismissal of frivolous claims against judges that provided much more substantial factual allegations than Plaintiff asserts herein). Plaintiff filed both of her federal habeas cases in this Court, and Plaintiff's allegations against Judge Land and Judge Weigle are based on their actions while presiding over Plaintiff's habeas actions. (*See generally* Doc. 3) Neither Judge Royal nor Judge Self presided over Plaintiff's habeas actions; Plaintiff, however, makes cursory allegations against them based solely on their positions as federal judges in this Court. (*Id.* at 18). For example, Plaintiff, in her Second Amended Complaint, states "Judge Land [and] Judge Weigle w[ere] on [Plaintiff's] case and other when [she] ask[ed] permission to file suit against United States District Court Middle District of Georgia Athens against [Judges] Land, Weigle, and other [sic]." (*Id.*). Thus, Plaintiff also seems to take issue with the actions or inactions of Judges Royal and Self for acts taken in their judicial capacity; and absolute immunity prohibits such suit. Accordingly, Plaintiff's claims against Judge Land, Judge Royal, Judge Self, and Judge Weigle are **DISMISSED with prejudice**.

### B. Failure to serve the Federal Judges

Since Plaintiff filed her Complaint on April 28, 2022, there has been no indication on the docket that service was effected upon the Federal Judges or the United States District Court for the Middle District of Georgia. (*See generally* Docket). Rule 4(i) governs service of process of the United States, its agencies, employees, and officers in a civil action. While Plaintiff does not indicate whether these Defendants are sued in their individual or official capacity, it is apparent that the Federal Judges are being sued for acts connected to the performance of their duties as United States judges. (*See* Doc. 3 at 3, 15–19). Rule 4(i) is

14

clear that a plaintiff serving the United States and its employees or officers, regardless of whether the officers or employees are served in their individual or official capacities, must perfect service on the United States by delivering a copy of the summons and the complaint to the United States attorney for the district where the action was commenced. Fed. R. Civ. P. 4(i)(1)–(3).

Plaintiff failed to perfect service on the United States and the Federal Judges in accordance with Rule 4. Thus, the case against the Federal Judges is also subject to dismissal for failure to serve pursuant to Rule 4. Further, while the basis for Plaintiff's suit against the United States District Court for the Middle District of Georgia is unclear, it is clear that Plaintiff has not perfected service upon the United States District Court for the Middle District of Georgia consistent with Rule 4. As discussed above, before dismissing a case for failure to serve, district courts must consider "whether the facts of the case justify a permissive extension of the service period." *Bilal*, 981 F.3d at 919 (citing *Lepone-Dempsey*, 476 F.3d at 1282). It is "premature" for a district court to dismiss a case under Rule 4(m) before considering whether a permissive extension is justified. *Id.* (quoting *Lepone-Dempsey*, 476 F.3d at 1282). Circumstances that may support the exercise of such discretion include "where the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service." *Id.* (citing *Lepone-Dempsey*, 476 F.3d at 1282); *see* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment. As discussed above, Plaintiff's claims against the Federal Judges are barred by absolute immunity, and based on the facts of this case, the Court—once again—does not find any circumstances that warrant an extension of time for service. *See Bilal*, 981 F.3d at 919. Accordingly, Plaintiff's case is dismissed for failure to serve.

## CONCLUSION

Accordingly, Plaintiff Rhonda Reid's Motion for Leave to File a Second Amended Complaint (Doc. 3) is **GRANTED** for the reasons stated above. Defendants State of Georgia and Michael Nail's Motion to Dismiss (Doc. 15) is hereby **GRANTED**. The State of Georgia and Michael Nail, in his official capacity, are **DISMISSED with prejudice**. Defendants Tynasha Evans, Tameka Chapman, Sharon Stembridge, and Greene County's

Motions to Dismiss (Docs. 17, 22) are hereby **GRANTED**. Defendants Tynasha Evans, Tameka Chapman, Sharon Stembridge, and Greene County are **DISMISSED with prejudice**. The United States of America's Motion to Dismiss in *Reid II*, No. 3:22-CV-53 (LAG), (Doc. 7) is hereby **GRANTED**. Defendants Judge Land, Judge Royal, Judge Self, Judge Weigle, and the United States District Court for the Middle District of Georgia are hereby **DISMISSED with prejudice**. The United States of America's Motion to Dismiss in *Reid I* (Doc. 20) is **DENIED as moot**.

**SO ORDERED**, this 20th day of January, 2023.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**